**CARDEN LIVESAY**
─── LTD ───
ATTORNEYS AT LAW

Joshua W. Carden, SBN 021698
419 East Juanita Avenue, Suite 103
Mesa, AZ 85204
joshua@cardenlivesay.com
T. (480) 345-9500
F. (480) 345-6559
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Iwona Marcinkiewicz,<br><br>                    Plaintiff,<br>v.<br>Coram Alternate Site Services, Inc. dba Coram CVS Specialty Site Services, and Coram Specialty Infusion Services, L.L.C.,<br><br>                    Defendants. | **ORIGINAL COMPLAINT**<br><br>**(JURY TRIAL REQUESTED)** |

Plaintiff Iwona Marcinkiewicz ("Ih-vanna March-ink-ah-vitch"), hereby seeks relief under Title VII and the Arizona Civil Rights Act as follows:

**PARTIES**

1. Plaintiff Iwona Marcinkiewicz was at all relevant times herein a resident of Maricopa County, Arizona, and an "employee" within the meaning and purposes of all relevant statutes at all times material to this action.

2. Defendant Coram Alternate Site Services, Inc. is a Delaware corporation, at all relevant times conducting its business in Maricopa County, Arizona and doing business as "Coram CVS Specialty Site Services."

3. Defendant Coram Specialty Infusion Services, LLC is a Delaware limited liability company, at all relevant times conducting its business in Maricopa County, Arizona.

4. Upon information and belief, the Defendants are affiliated directly with one or more jointly-owned and/or jointly-operated corporate entities (including but not limited to Coram



1

1. LLC) to the degree that their employee numbers should be aggregated together under a "common enterprise" or "joint employer" theory for purposes of calculating potential compensatory and/or punitive damages. The named defendants shall jointly be referred to herein as "Coram."

5. It is the intention of Plaintiff to name her actual employer as a defendant in this lawsuit, but Defendants (which appear to be affiliated with CVS – www.coramhc.com) have adopted a corporate structure which makes it very difficult to ascertain the exact corporate name of Plaintiff's employer. Thus, for purposes of this Complaint, each of these Defendants is named as a "joint employer" of Plaintiff or as a "common enterprise" employing Plaintiff and will be referred to herein collectively as "Coram."

6. Coram was an "employer" of Plaintiff within the meaning and purposes of all relevant statutes at all times material to this action.

7. Upon information and belief, Coram employs more than 15 people.

8. At all times pertinent to this Complaint, Coram's managerial employees were acting within the course and scope of their employment with Coram; and as a result thereof, Coram is responsible and liability is imputed for the acts and omissions of their managerial employees, as alleged herein, under the principles of *respondeat superior*, agency, and/or other applicable law.

9. All acts alleged in this Complaint occurred in Maricopa County, Arizona.

## JURISDICTION AND VENUE

10. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 & 1343. Pendent jurisdiction over the related state law claims is invokes pursuant to 28 U.S.C. § 1367.

11. The unlawful employment practices described herein were committed within the State of Arizona, Maricopa County, where Coram employed Plaintiff.

12. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## ALLEGATIONS COMMON TO ALL CLAIMS

13. Coram is a leading provider of home infusion and tube feeding therapy.

14. Coram employed Plaintiff as a Medical Billing Specialist beginning June 2019.

15. In July 2021, Coram announced that it was adopting a COVID vaccine mandate.

16. Plaintiff had been working remotely during the pandemic.



17. Plaintiff holds sincere Christian beliefs against receiving the vaccine.

18. In September 2021, Plaintiff applied in writing for a religious exemption to the vaccine mandate policy.

19. In her exemption request, Plaintiff indicated her willingness to undergo weekly testing (despite working from home at the time) or to work from home permanently.

20. In October, Coram notified Plaintiff that her religious exemption had been denied.

21. Plaintiff was not permitted to appeal this decision.

22. On or about November 30, 2021, Coram terminated Plaintiff in writing, expressly for violating the vaccine mandate policy.

23. Upon information and belief, Coram established no written criteria to evaluate whether an employee's religious belief was sincerely held.

24. Upon information and belief, Coram did no studies to determine what accommodations could be feasibly made for individuals in Plaintiff's position or similar positions objecting to the COVID-19 vaccine on religious grounds.

25. Upon information and belief, Coram did no studies to determine the extent of any cost burden related to granting accommodations on religious grounds for individuals in Plaintiff's position or similar positions.

**Administrative Remedies**

26. Plaintiff dual-filed and amended her charge of discrimination with the EEOC and Arizona Attorney General Civil Rights Division. True and correct copies of those charges are attached hereto as Exhibit A.

27. The Arizona Attorney General Civil Rights Division issued its Notice of Suit Rights when approximately 90 days were left prior to the anniversary of filing her charge. A true and correct copy of that Notice is attached hereto as Exhibit B.

28. The EEOC has not yet issued its Notice of Suit Rights, but one has been requested; leave to amend this Complaint will be sought at that time.

29. All conditions precedent to the filing of this lawsuit have occurred or been satisfied.



## FIRST CAUSE OF ACTION – TITLE VII DISCRIMINATION

30. By reference hereto, Plaintiffs hereby incorporate the preceding paragraphs.

31. Plaintiff holds sincere religious beliefs, *inter alia*, against getting the COVID-19 vaccine, of which beliefs Coram was aware.

32. By denying her an accommodation and terminating her, Coram has engaged in direct discrimination against Plaintiff in violation of Title VII, 42 U.S.C. § 2000e.

33. Neither Plaintiff's beliefs nor the actions she took upon those beliefs caused a disruption in the workplace.

34. Coram could have easily accommodated Plaintiff's religious beliefs without an <u>actual</u> undue hardship, the existence of which is Coram's burden to prove – and a speculative burden is insufficient in the Ninth Circuit. *Tooley v. Martin-Marietta Corp.*, 648 F.2d 1239, 1243 (9th Cir. 1981).

35. Anticipating a further affirmative defense, Plaintiff specially alleges that the current "more than de minimus" test for measuring "undue hardship" as enunciated in *TWA v. Hardison*, 432 U.S. 63 (1977) stands against the statutory text, and ought to be overruled. *See EEOC v. Abercrombie & Fitch Stores*, 575 U.S. 768, 787 n.* (2015)(Thomas, J. writing separately).

36. Plaintiff's beliefs and her actions taken on those beliefs, and Coram's refusal to accommodate those beliefs and discrimination based on those beliefs, were the direct cause of Plaintiff's termination.

37. The persons who engaged in discrimination and failed to accommodate Plaintiff were supervisory employees of Coram with immediate and ultimate authority over Plaintiff.

38. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Coram's discriminatory practices unless and until this Court grants relief.

39. As a direct and proximate result of Coram's conduct, Plaintiff has sustained damages in the form of lost wages and value of benefits. Plaintiff continues to lose the value of such wages and benefits into the future.

40. As a direct and proximate result of Coram's conduct, Plaintiff has further sustained damages in the form of emotional distress.



41. Coram's conduct was malicious, or done with reckless disregard of Plaintiff's rights to a degree that entitles Plaintiff to punitive or exemplary damages.

**SECOND CAUSE OF ACTION – ACRA DISCRIMINATION**

42. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

43. A.R.S. § 14-1463 prohibits an employer from discriminating against any individual with respect to compensation, terms, conditions, or privileges of employment because of religion.

44. Plaintiff holds sincere religious beliefs, *inter alia*, against getting the COVID-19 vaccine and wearing a mask, of which beliefs Coram was aware.

45. In violation of A.R.S. § 41-1463(B)(l ), Coram engaged in unlawful employment practices by discriminating against Plaintiff with respect to terms, conditions, or privileges of employment because of the Plaintiff's sincerely held religious beliefs, as a result of Coram's policies and practices.

46. Additionally, Coram limited, segregated, or classified employees like Plaintiff with sincerely-held religious beliefs in a way that deprived them of equal employment opportunities or otherwise adversely affected their status as employees because of their sincerely-held religious beliefs; thus damaging those employees.

47. Because Coram failed to accommodate Plaintiff and subjected Plaintiff to different terms and conditions of employment (including termination), Plaintiff suffered monetary damages for which she should be compensated in an amount to be determined at trial.

48. Anticipating an affirmative defense, Plaintiff specially alleges that the "undue hardship" test under the Arizona Civil Rights Act is <u>not</u> the "de minimus" test. A.R.S. § 41-1461(15).

49. Plaintiff should also receive injunctive relief as fashioned by the Court to remedy the wrongs caused by Coram's actions.

**JURY TRIAL DEMANDED**

50. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:



5

A. Declaring that the acts, practices, and policies complained of herein are in violation of federal and/or state law;

B. Directing Coram to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment or employment opportunities, including but not limited to the required implementation and enforcement of policies, practices and programs that provide equal employment opportunities for employees with sincerely-held religious beliefs, and that eradicate the effects of its present unlawful employment practices; remedial and additional training to its management, supervisors, human resources personnel, and employees regarding religion-based discrimination in the workplace and unlawful retaliation, including but not limited to accommodation of sincerely-held religious beliefs;

C. Directing Coram to place Plaintiff in the position she would have occupied but for Coram's unlawful actions, and make Plaintiff whole for all earnings she would have received, including, but not limited to, back pay, front pay, pension, and other lost benefits;

D. Awarding Plaintiff compensatory and punitive damages in an amount to be determined by the jury;

E. Awarding Plaintiff pre- and post-judgment interest, the costs of this action, and reasonable attorneys' fees as provided by the statutes providing the causes of action cited herein; and

F. Granting such other and further relief, including equitable relief authorized by the cited statutes, as this Court deems necessary and proper.

Respectfully submitted on this 8th day of February, 2023,

CARDEN LIVESAY, LTD.

By: s/Joshua W. Carden
Joshua W. Carden
*Attorneys for Plaintiff*

